# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

TIM ROBERSON,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C08-3072-MWB
(No. CR06-3010-MWB)

**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S § 2255 MOTION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. The Petitioner's Charges, Trial, Sentence and Appeal* . . . . . . . . . . . 2
   *B. The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . 4
   *B. Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      *1. Need for an evidentiary hearing* . . . . . . . . . . . . . . . . . . . . . 6
      *2. Procedural default* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
   *C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . 7
      *1. Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
      *2. Duplicitous indictment* . . . . . . . . . . . . . . . . . . . . . . . . . . 10
      *3. Supervised release* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
      *4. Unreasonable sentence* . . . . . . . . . . . . . . . . . . . . . . . . . 12
      *5. Crack/powder cocaine disparity* . . . . . . . . . . . . . . . . . . . . 12
      *6. Anders brief* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
   *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

This case is before the court pursuant to petitioner Tim Roberson's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Roberson claims that his trial and appellate counsel provided him with ineffective assistance in various ways. The respondent denies that Roberson is entitled to any relief on his claims.

## I. INTRODUCTION AND BACKGROUND
### A. *The Petitioner's Charges, Trial, Sentence and Appeal*

On May 18, 2006, a superseding indictment (Crim. docket no. 15) was returned against petitioner Tim Roberson, charging him with conspiring to manufacture and distribute 50 grams or more of crack cocaine, to distribute 500 grams or more of powder cocaine, and to distribute a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(D) and 846. Trial in this case commenced on August 1, 2006. On August 3, 2006, the jury returned a verdict in which it found defendant Roberson guilty of the charged offense. On August 8, 2006, Roberson filed a motion for judgment of acquittal or, in the alternative, a motion for a new trial (Crim. docket no. 67). This court denied Roberson's motions on August 16, 2006 (Crim. docket no. 70). On October 26, 2006, Roberson was sentenced to 188 months imprisonment and five years of supervised release. On November 6, 2006, Roberson appealed his sentence and conviction (Crim. docket no. 84). Roberson subsequently voluntarily dismissed his appeal and, on April 7, 2008, filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the amended crack cocaine guidelines. On November 24, 2008, this court granted Roberson's motion to reduce sentence and reduced his sentence to 151 months imprisonment with all other provisions of his original judgment to remain in effect (Crim. docket no. 111).

## B. *The Petitioner's § 2255 Motion*

On December 22, 2008, Roberson filed his *pro se* Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Civ. docket no. 2). In Roberson's § 2255 motion, he raises three claims. First, he contends that the superseding indictment was duplicitous, in that it charged more than one offense in a single count. Second, Roberson claims that his sentence violates the Fifth and Sixth Amendments to the United States Constitution because it includes a term of supervised release. Third, Roberson claims that his trial counsel was ineffective in failing to raise the first two issues and in not arguing that his sentence was unreasonable. On March 23, 2009, Roberson filed an Amended Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Civ. docket no. 9). In his amended § 2255 motion, Roberson raises three additional claims. First, he contends that his trial counsel was ineffective in failing to raise the crack/powder cocaine sentencing disparity. Second, Roberson asserts that his trial counsel was ineffective in failing to discover and raise the decision in *Kimbrough v. United States*, 128 S. Ct. 558 (2008), in support of a sentencing disparity argument. Third, that his appellate counsel was ineffective when he filed a brief under *Anders v. California*, 386 U.S. 738 (1967), with the Eighth Circuit Court of Appeals, and advised Roberson to dismiss his appeal and pursue a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). In its responses to Roberson's motion and amended motion, respondent United States argues that Roberson's claims are procedurally defaulted because they were not raised on direct appeal. Respondent also argues, in the alternative, that, on the merits, Roberson is not entitled to any relief.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Roberson's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*)

On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71

4

> L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("[I]n order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to

5

support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Roberson's claims for § 2255 relief.

### B.  *Preliminary Matters*

### 1.  *Need for an evidentiary hearing*

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. §2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Roberson's allegations either

cannot be accepted as true, because they are contradicted by the record, or that, even if his allegations were accepted as true, they would not entitle him to relief.

### 2. *Procedural default*

The respondent asserts that at least some of Roberson's claims are procedurally defaulted, because they were not raised on direct appeal. The court concludes, however, that the claims presented are not procedurally defaulted, because all are cast as ineffective assistance of counsel claims. The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Therefore, the court will consider Roberson's claims on the merits.

### C. Ineffective Assistance Of Counsel

### 1. *Applicable Standards*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the

petitioner must demonstrate a violation of the Constitution or the laws of the United States."). As noted above, in the discussion of procedural default, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See Hughes*, 330 F.3d at 1069 ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There

8

are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

## 2. *Duplicitous indictment*

Roberson contends that the superseding indictment was duplicitous, in that it charged more than one offense in a single count. Specifically, Roberson contends that the indictment was duplicitous because it alleged conspiracy to manufacture and distribute crack cocaine, to distribute powder cocaine, and to distribute marijuana, all in violation of 21 U.S.C. § 841(a)(1). An indictment is duplicitous if it charges two or more offenses in a single count. *See United States* v. Olson, 177 F. App'x 512, 512 (8th Cir. 2006) ("An indictment is duplicitous if it joins 'two or more distinct and separate offenses' in a single count.") (quoting *United States v. Moore,* 184 F.3d 790, 793 (8th Cir. 1999)); *United States v. Street,* 66 F.3d 969, 974 (8th Cir. 1995) ("'Duplicity' is the joining in a single count of two or more distinct and separate offenses."). "The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." *Street,* 66 F.3d at 974 (quoting *United States v. Karam,* 37 F.3d 1280, 1286 (8th Cir. 1994), *cert. denied*, 513 U.S. 1156 (1995)).

Although it is true that a count in an indictment may not charge two substantive crimes, it has long been the law that a conspiracy may have two or more objectives. *See Braverman v. United States,* 317 U.S. 49, 54 (1942) ("The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime, and that is one, however diverse its objects.'"). In *United States v. Calderin-Rodriguez*, 244 F.3d 977, 986 (8th Cir. 2001), the Eighth Circuit Court of Appeals rejected the same argument raised by Roberson here. *Calderin-Rodriguez* involved, as in this case, an indictment for conspiracy to distribute a controlled substance which alleged that the conspiracy involved more than one drug-a conspiracy to distribute cocaine, amphetamine and methamphetamine *Id*. The court of appeals concluded that "[t]he Indictment was not

duplicitous." *Id.*; *see Moore,* 184 F.3d at 793 (holding where indictment for conspiracy to distribute a controlled substance alleged more than one drug that "[e]numerating the controlled substances did not render count I duplicitous."). Similarly, the indictment here was not duplicitous because it only charged Roberson with a single conspiracy to violate 21 U.S.C. § 841(a)(1). In this case, the conspiracy count simply charged one crime, even though it had multiple objectives. *See Braverman,* 317 U.S. at 54; *Calderin-Rodriguez*, 244 F.3d at 986; *Moore,* 184 F.3d at 793. Roberson, therefore, cannot show that he received ineffective assistance of trial or appellate counsel in their failure to pursue this claim. Accordingly, Roberson is not entitled to relief on this claim.

### 3. *Supervised release*

Roberson also contends that his sentence violated the Sixth Amendment of the United States Constitution because it includes a term of supervised release. Roberson argues that his term of supervised release is unconstitutional because it violates the Sixth Amendment as construed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. 220 (2005), by increasing the penalty for a § 841 offense beyond the statutory maximum penalty based on grounds not submitted to a jury. The Eighth Circuit Court of Appeals rejected this precise argument in *United States v. Postley*. 449 F.3d 831, 832-34 (8th Cir. 2006) (holding that "the imposition of the term of supervised release was within the statutory maximum penalty, not in excess of it."); *see also Booker*, 543 U.S. at 258 (noting that "§ 3583 (supervised release)" is "perfectly valid."). The *Postley* decision is controlling authority in this circuit which this court is obligated to follow. *See United States v. Kent,* 531 F.3d 642, 656-57 (8th Cir. 2008); *see also United States v. Wright,* 22 F.3d 787, 788 (8th Cir. 1994). Therefore, Roberson's counsel did not perform deficiently by failing to raise this issue. Consequently, petitioner Roberson is not entitled to relief on this claim.

### 4. *Unreasonable sentence*

Roberson next contends that his counsel was ineffective in failing to argue on appeal that his sentence was unreasonable because the sentencing commission did not include disparity in sentencing as one of the factors a court could consider under 18 U.S.C. § 3553(a). The obvious flaw in Roberson's argument here is that disparity in sentencing is one of the factors included in § 3553(a). Section 3553(a)(6) provides that a court, in determining the particular sentence to be imposed, must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See Kimbrough v. United States*, 552 U.S. 85, 107 (2007)("Section 3553(a)(6) directs *district courts* to consider the need to avoid unwarranted disparities-along with other § 3553(a) factors-when imposing sentences."). Thus, the sentencing commission did include unwarranted sentencing disparities as one of the § 3553(a) factors to be considered by a court in arriving at an advisory guideline range. Accordingly, Roberson has failed to show any prejudice arising from his counsel's failure to appeal based on this issue. Therefore, Roberson is also not entitled to relief on this claim.

### 5. *Crack/powder cocaine disparity*

Roberson next makes two related arguments which the court will take up together. He contends that his counsel was ineffective in failing to move the court for a lesser ratio than the 100-to-1 crack/cocaine powder ratio and directs the court's attention to the Supreme Court's decision in *Spears v. United States,* 129 S. Ct. 840 (2009). He similarly argues that his appellate counsel was ineffective in failing to discover and raise *Kimbrough v. United States,* 552 U.S. 85 (2007) as authority on appeal. In *Kimbrough,* 552 U.S. 85 (2007), the United States Supreme Court held that district courts should not treat the crack/powder ratio as mandatory, but should "avoid unwarranted disparities-along with

other § 3553(a) factors-when imposing sentences." *Id*. at 1008. The *Kimbrough* Court held that district courts should treat the Sentencing "Guidelines as the 'starting point and the initial benchmark,'" and not as mandatory. *Id*. (quoting *Gall v. United States,* 552 U.S. 38, 49 (2007)). Earlier this year, in *Spears*, the Supreme Court clarified its holding in *Kimbrough,* advising that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." *Spears,* 129 S. Ct. at 843-844.

The reasonableness of counsel's conduct must be viewed at the time of the conduct at issue. *Auman v. United States,* 67 F.3d 157, 162 (8th Cir. 1995) (citing *Strickland,* 466 U.S. at 690) Roberson was convicted on August 3, 2006, and was sentenced on October 26, 2006. At the time of Roberson's sentencing, the 100-to-1 ratio was viewed as mandatory under the Sentencing Guidelines. In *United States v. Lewis,* 90 F.3d 302 (8th Cir. 1996), the Eighth Circuit Court of Appeals held that the district court had no authority to impose a sentence outside the applicable guideline range based upon the crack/powder ratio. *Id*. at 304-05. It was not until the Supreme Court decided *Kimbrough* on December 10, 2007, over a year after Roberson was sentenced, that the law clearly permitted a sentence outside the crack/cocaine ratio under the Sentencing Guideline range. Counsel is not ineffective for failing to anticipate future changes in the law; counsel is not required to be clairvoyant. *See Wjada v. United States*, 64 F.3d 385, 388 (8th Cir. 1995) ("[C]ounsel's performance is not deficient by failing to predict future developments in the law."); *see also United States v. Fields*, 565 F.3d 290, 295 (5th Cir. 2009) (explaining that, "'[o]f course, counsel's inability to foresee future pronouncements which will dispossess the Court of power to impose a particular sentence which is presently thought viable does not render counsel's representation ineffective . . . . Clairvoyance is not a required attribute of effective representation.'") (quoting *Nelson v. Estelle,* 642 F.2d 903,

13

908 (5th Cir. 1981) (quoting in turn *Cooks v. United States,* 461 F.2d 530, 532 (5th Cir. 1972)); *Bullock v. Carver,* 297 F.3d 1036, 1052 (10th Cir. 2002) (holding that "'clairvoyance is not a required attribute of effective representation.'") (quoting *United States v. Gonzalez-Lerma,* 71 F.3d 1537, 1542 (10th Cir. 1995)); *Elledge v. Dugger,* 823 F.2d 1439, 1443 (11th Cir. 1987) ("Reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop."). Moreover, "counsel is not ineffective for failing to make a futile objection." *Cook v. United States,* 310 Fed. App'x 932, 934 (8th Cir. 2009); *see Woodall v. United States,* 72 F.3d 77, 80 (8th Cir. 1995) (holding that "counsel did not provide ineffective assistance by failing to make futile objection to the inadequate PSR."). Because *Lewis* was controlling authority in the Eighth Circuit at the time of Roberson's sentencing and during the pendency of his appeal, "it must be said that counsel's performance fell within 'the wide range of professionally competent assistance.'" *Fields v. United States,* 201 F.3d 1025, 1027-1028 (8th Cir. 2000) (quoting *Strickland,* 466 U.S. at 690). Accordingly, Roberson is not entitled to relief on these claims.

### 6. *Anders brief*

Roberson's final argument is that his counsel was ineffective when he filed a brief under *Anders v. California*, 386 U.S. 738 (1967), with the Eighth Circuit Court of Appeals, and advised Roberson to dismiss his appeal and pursue a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). After filing an appeal with the Eighth Circuit Court of Appeals at Roberson's direction, Roberson's appellate counsel concluded that Roberson did not have any legitimate issues to challenge on appeal and filed an *Anders* brief. On November 1, 2007, while Roberson's appeal was still pending, the Sentencing Commission issued Amendment 706, as subsequently amended by Amendment 711, to U.S.S.G. §2D1.1. *See generally* U.S.S.G. App. C. Amendment 706 generally reduces by two

levels the offense level applicable to crack cocaine cases. On December 11, 2007, the Sentencing Commission voted to apply Amendment 706 retroactively to crack cocaine offenses. Roberson's counsel believed that the retroactive amendment was applicable to Roberson's case. Roberson directed his counsel to file a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Counsel advised Roberson that he could not do so while Roberson's appeal was still pending before the Eighth Circuit. He further advised Roberson that he had the option of dismissing his appeal and instead pursuing a motion for reduction of sentence before this court. Roberson elected to pursue this option and withdrew his appeal before the Eighth Circuit. On April 7, 2008, counsel filed Roberson's motion for reduction of sentence pursuant to § 3582(c)(2) and on November 24, 2008, the court granted Roberson's motion to reduce sentence and reduced his sentence to 151 months imprisonment.

The duty of appellate counsel is to "support his client's appeal to the best of his ability." *Anders,* 386 U.S. at 744. Counsel must either proceed with the appeal or, if counsel believes the appeal is frivolous, submit a brief "referring to anything that might arguably support the appeal." *Id.* In this case, Roberson's counsel submitted such a brief to the Eighth Circuit Court of Appeals. Roberson cannot demonstrate deficient performance or prejudice resulting from counsel's failure to argue any of the claims before the Eighth Circuit Court of Appeals. For the reasons discussed above, Roberson's other claims in his motion and amended motion are plainly without merit, and would not have entitled Roberson to relief had they been argued on appeal. Moreover, Roberson's counsel properly advised Roberson of the possibility of pursuing a motion for reduction of sentence pursuant to § 3582(c)(2), if his appeal was dismissed. After Roberson dismissed his appeal, his counsel proceeded to file a meritorious motion for reduction of sentence on Roberson's behalf which resulted in Roberson's sentence being reduced from 188 to 151

months, a reduction of over three years. Given these circumstances, Roberson can show neither "deficient performance" nor "prejudice" to sustain his ineffective assistance of counsel claim, and this claim for relief is also denied.

### D. *Certificate Of Appealability*

Denial of Roberson's § 2255 motion, as amended, raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowerso*x, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Roberson has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Roberson's claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Roberson does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### III. CONCLUSION

THEREFORE, for the reasons discussed above, petitioner Roberson's *Pro Se* Motion, as amended, Under 28 U.S.C. § 2255 To Vacate, Set Aside, Correct Sentence By A Person In Federal Custody (docket nos. 2 and 9) is **denied in its entirety**. This case is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 16th day of November, 2009.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA